**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**SHELIA DIANE HICKS,**

      **Plaintiff,**

**vs.**                                  **Case No. 4:25-cv-385-MW-MAF**

**FLORIDA DEPARTMENT
OF REVENUE,**

      **Defendant.**

_____/

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this case by filing an employment discrimination complaint pursuant to Title VII of the Civil Rights Act of 1964, alleging racial discrimination and retaliation against her former employer. ECF No. 1. The operative complaint is the second amended complaint ("complaint"), ECF No. 9, which was screened by the Court under 28 U.S.C § 1915 and deemed sufficient for service. <u>See</u> ECF No. 10 at 1. Before the Court is Defendant's motion to dismiss for failure to state a claim, ECF No. 13. Plaintiff filed a response in opposition, ECF No. 17. The motion is ripe for review.

## I.      Standard of Review – Motion to Dismiss

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts that show entitlement to relief is

plausible, meaning the Court can draw "a reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). This "does not require detailed factual allegations," but a complaint must include more than conclusory language or "naked assertions devoid of" sufficient facts. Id. Pleadings by a *pro se* party are viewed liberally. The main focus is whether Plaintiff's complaint provides Defendant with "fair notice of the basis for [the] claims." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514–15 (2002) (noting that Rule 8's pleading standard is designed "without regard to whether a claim will succeed on the merits").

"Although a Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case" at the motion to dismiss stage, "it must provide enough factual matter (taken as true) to suggest intentional race discrimination." Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 (11th Cir. 2008) (internal marks omitted). At this stage, "all well-pleaded," non-conclusory, "facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006).

## II.   Allegations of the Complaint, ECF No. 9

Plaintiff Hicks, an African American woman, began working for the

4:25-cv-385-MW-MAF

State of Florida in August 2018 in various accounting positions. ECF No. 9 at 6. In May 2023, she was recruited for and accepted a position processing retirements with Defendant, State of Florida Department of Revenue ("DOR"). Id. In early June 2023, Hicks' supervisor, Ms. Sullivan, told her that she initially wanted Ms. Roberts, a white employee, to work with her, but Ms. Roberts complained about Ms. Sullivan "not doing retirements" which "pissed [her] off." Id. Ms. Sullivan also told Hicks that "if [Ms. Roberts] runs to [human resources], they will listen to her but they wouldn't care if you go to them." Id. Ms. Sullivan named another African American employee, Ms. Walton, and told Hicks to ask her "what happened when she went to" human resources. Id. Ms. Sullivan told Hicks, "I couldn't do to [Ms. Roberts] what I can do to you." Id.

Ms. Sullivan was "hostile and verbally abusive" toward Hicks. Id. She would "yell, curse, and publicly humiliate" Hicks, including in front of other supervisors. Id. at 6-7. Ms. Walton later told Hicks that she had reported "racial comments" made to her by Ms. Sullivan, "but no investigation occurred." Id. at 7. Hicks made her own complaint "about Ms. Sullivan's harassment and racial intimidation/retaliation" for the period of June 2023 through December 2023 to a division director and the employee relations director. Id. No investigation occurred. Id. After this complaint, Ms. Sullivan

4:25-cv-385-MW-MAF

"retaliated by writing [Hicks] up for false and exaggerated reasons and by removing [Hicks'] work duties." Id. The division director "refused" to cooperate with "the Ombudsman's requires for cooperation in reviewing the disciplinary write-ups." Id. In early 2024, a different DOR supervisor "told other agencies [Hicks] was under internal investigation, which prevented [Hicks] from being hired for other positions." Id.

Hicks also alleges "continued…retaliation" committed "under the direction of" the division director by two "new supervisors" in October 2024. Id. at 8. These supervisors issued "another baseless write-up," threatened to "walk [Hicks] out if [she] did one more thing," and "removed [her] work." Id. They accused her of "making [her] coworkers uncomfortable with outbursts in meetings." Id. Hicks resigned in March 2025. Id. She filed charges with the EEOC, who declined to proceed with the investigation and issued its notice of right to sue letter on June 27, 2025. Id. at 16. Hicks initiated the instant case on September 11, 2025, within the required 90 day window.

## III.   Discussion

Hicks brings claims of racial discrimination and retaliation. ECF No. 9 at 6-8. DOR argues that Hicks "has not plausibly alleged facts supporting a reasonable inference that she was subjected to an adverse employment action because of her race." ECF No. 13 at 4. DOR claims "it is impossible

4:25-cv-385-MW-MAF

to tell how" Ms. Sullivan's alleged comments to Hicks "relates to…racial discrimination." Id. Further, DOR argues that Hicks failed to show "her resignation amounted to a constructive termination" under the case law. Id. at 4-5. DOR also argues Hicks has failed to state a claim for retaliation, arguing Hicks did not "identify any racial intimidation" in her complaint other than using those words and Hicks did not show causation or temporal proximity between the protected activity and the adverse events. Id. at 5-6.

In response, Hicks claims she has shown sufficient facts for both racial discrimination and retaliation. ECF No. 17. Hicks intersperses new facts and details with her legal argument, including names, dates, quotes from various communications, and a comparator. Id. at 3-4, 6, 9. Hicks cannot amend her complaint in her response to a motion to dismiss, nor can the Court consider Hicks' new factual allegations. See Dorman v. Aronofsky, 36 F.4th 1306, 1317 (11th Cir. 2022) (Facts contained in a motion or brief cannot substitute for missing allegations in the complaint). The Court is limited to the facts as alleged in the operative complaint.

## IV.    Discussion

Hick's complaint states sufficient facts to show a plausible inference of racial discrimination and retaliation. The complaint gives fair notice to DOR of the basis for Hicks' claims. Hicks alleges that within a month of starting

4:25-cv-385-MW-MAF

work for DOR, her supervisor made explicit comments comparing her to a white employee and how the supervisor could not treat Hicks, a black woman, the same as the white employee. The supervisor also told Hicks that she should ask another black employee what happened when that person went to human resources. Hicks complained to the DOR director and employee relation's director about the supervisor's "racial intimidation /retaliation," but it was not investigated. The supervisor then treated Hicks poorly, including removing some of her work, writing her up, and yelling at her. Hicks alleges she was treated differently based on her race and when she complained about it, adverse consequences occurred. When the write-ups and treatment got to be too much, Hicks resigned. Hicks includes at least some of the relevant dates.

Hick's complaint is not picture perfect. There is no doubt that more details to connect the dots would be beneficial. But as it stands, Hicks' allegations are sufficient to make it past the liberal pleading requirements. She has alleged facts to show that she was in a protected class and was treated negatively because of her race; then when she reported the racial discrimination (a protected activity), she was written up for false reasons and her work was taken away. This is not like the case cited by DOR, where "[plaintiff] alleged no facts whatsoever suggesting intentional discrimination"

4:25-cv-385-MW-MAF

or "any other specific facts that would raise [the] claim above the purely speculative." <u>Nurse v. City of Alpharetta</u>, 775 F. App'x 603, 606–07 (11th Cir. 2019) (affirming dismissal for failure to state a claim where it was "utterly conclusory," including allegations like "white [employees] were subjected to less severe punishment"). Hicks' complaint is more than just conclusions or speculation.

It may be that Hicks cannot ultimately show a prima facie case of racial discrimination and retaliation at the summary judgment stage. But her complaint puts DOR on sufficient notice of her claims, claims which provide factual support and should be allowed to proceed to discovery.

## V.    Recommendation

For the reasons stated above, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss, ECF No. 13, be **DENIED** and the case remanded back to the undersigned for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida on July 13, 2026.

<u>s/ Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).

4:25-cv-385-MW-MAF